IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID J. ACKLEY, JR., *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 1:20-cv-621 (BAH) |
| | * | |
| ISLAMIC REPUBLIC OF IRAN, | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION OF JOSHUA M. AMBUSH, ESQ.

**I, JOSHUA M. AMBUSH, ESQ.**, being competent to testify to the facts stated herein, and pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. I am an adult citizen resident in Baltimore, Maryland.

2. I am an attorney licensed in the state of Maryland.

3. I represent the plaintiffs in this case.

4. This case was brought under 28 U.S.C. §1605A against defendant, the Islamic Republic of Iran, for its material support of terrorism in the Khobar Towers bombing in Saudi Arabia.

5. Because this case is governed by the Foreign Sovereign Immunities Act, service of the complaint, summons, and notice of suit must be made by attempting those methods listed in 28 U.S.C. §1608(a)(1)-(4) in the order that they are listed in the statute.

6. Service on Iran cannot be made pursuant to subsections (a)(1) or (a)(2) of Section 1608 because Iran has not entered into any special agreement regarding service with plaintiffs and because Iran is not a signatory to any applicable international agreement regarding service.

7. In order to attempt service on Iran under 28 U.S.C. §1608(a)(3), I delivered by Federal Express a package containing a copy of the complaint, summons, and notice of suit, with

1

certified translations into Farsi of each, and a copy of the Foreign Sovereign Immunities Act, to the Clerk of Court.

8. I requested the Clerk of Court to send the package to defendant Iran at the Ministry of Foreign Affairs in Tehran, Iran, and enclosed a Federal Express International Air Waybill with my payer account number for the Clerk to use to deliver the package. *See* ECF #s 8 and 9.

9. The Clerk docketed the certificate of clerk of mailing the summons and complaint on the defendant by Federal Express pursuant to 28 U.S.C. §1608(a)(3) on May 14, 2020, attaching a copy of the waybill. *See* ECF # 9.

10. The Federal Express package was returned to me on May 26, 2020, marked with a handwritten note on the outside of package, "RTS – no service to destination". A photograph of the outside of the package is attached as Exhibit A. The photograph shows that the package was stamped "Mon – 18 May AA Standard Overnight."

11. However, the original tracking number for the shipment of the package to Iran, as appears on the waybill, was not entered into the Federal Express system and I am not able to recover online electronic tracking information that would document the attempted delivery on the defendant.

12. Service under 28 U.S.C. §1608(a)(4) is warranted as service pursuant to 28 U.S.C. §1608(a)(3) was attempted on defendant via Federal Express over 30 days ago and has failed.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on date: 6/17/2020

Signature

2