**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID J. ACKLEY, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Civil Action No. 20-cv-621 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Plaintiffs in this action against the Islamic Republic of Iran ("Iran") "for orchestrating the June 25, 1996 bombing of the United States Air Force facility at the Khobar Towers in Dhahran, Saudi Arabia," Am. Compl. at 6, ECF No. 19, have filed a Sealed Motion for Leave to File Addresses Under Seal and for Exception to Local Rule LCvR 5.1(c)(1) ("Pls.' Mot."), ECF No. 21, in connection with their filing of an amended complaint. For the reasons stated below, plaintiffs' motion is granted.

Generally, a complaint "fil[ed] by or on behalf of a party shall have in the caption the . . . full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant." LCvR 5.1(c)(1). Courts have permitted a party to file such information under seal when the plaintiff's privacy interests outweigh "the public interest in open proceedings," after considering "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). The "starting point" in balancing these competing interests is "a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C.

Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

To determine whether that presumption may be overcome, courts consider the following six

factors originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

Plaintiffs have met their burden of showing that their privacy interests in maintaining

their personal addresses under seal outweigh the public's interest in knowing the details of

judicial proceedings.  Here, plaintiffs are "United States military service members who were

injured" in the bombing at the Khobar Towers complex in Saudi Arabia in 1996, "and certain of

their immediate family members."  Pls.' Mot. at 1.  Their residential addresses, which they now

seek to file separately under seal rather than in the caption of their amended complaint, have not

previously been disclosed to the public in this case.  Indeed, in March 2020, this Court granted

plaintiffs' request to maintain their addresses under seal in connection with the filing of their

original complaint, *see* Order, ECF No. 7, and there is no ascertainable need to provide the

public with access to this information at this time.

Moreover, plaintiffs' privacy interests are substantial.  They have brought this action

against Iran alleging that Iran assisted those who carried out the Khobar Towers bombing.  *See*

*generally* Am. Compl., ECF No. 19.  Plaintiffs "are fearful that disclosure of their addresses . . .

may increase their vulnerability to reprisals."  Pls.' Mot. at 2.  Ultimately, the public's interest in

the plaintiffs' addresses is *de minimis* compared to the reasonable threat of harm to which public

identification of this information might expose the plaintiffs.  *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))). Accordingly, it is hereby

**ORDERED** that the plaintiffs' Sealed Motion for Leave to File Addresses Under Seal and for Exception to Local Rule LCvR 5.1(c)(1) is **GRANTED**; and it is further

**ORDERED** that Exhibit 1 to the plaintiffs' motion, currently docketed under seal at ECF No. 21-1, shall remain under seal and shall be accepted in satisfaction of LCvR 5.1(c)(1).

**SO ORDERED.**

Date: December 15, 2021

_____
BERYL A. HOWELL
Chief Judge