**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAVID J. ACKLEY, JR., *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.  1:20-cv-621 (BAH) |
| | * | |
| ISLAMIC REPUBLIC | * | |
| OF IRAN, | * | |
| | * | |
| Defendant. | * | |

*********************************************************************************

**PLAINTIFFS' MOTION FOR FINAL JUDGMENT AS TO DAMAGES**

Plaintiffs hereby respectfully move for an order of final judgment as to damages against Defendant Iran.  Plaintiffs incorporate herein by reference their Motion for Judicial Notice of Prior Related Cases and for Entry of Default Judgment as to Liability, previously filed and pending before this Court as Docket Entry No. 24.  In light of the Plaintiffs' request to award damages, Plaintiffs will soon submit individual declarations and accompanying exhibits, describing the serious physical and emotional injuries they suffered as a result of the terrorist attack on Khobar Towers.  Plaintiffs' Proposed Findings of Fact and Conclusions of Law will also be submitted.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL JUDGMENT AS TO DAMAGES

This case arises out of the June 25, 1996 terrorist bombing of the United States Air Force housing complex at Khobar Towers in Dhahran, Saudi Arabia.  Plaintiffs are fifty-one (51) of the injured American service members who suffered physical and/or mental and emotional injuries in the bombing; eighty-nine (89) of their immediate family members; and eighteen (18) immediate family members of injured airmen who were plaintiffs awarded compensatory damages in *Schooley v. Islamic Republic of Iran*, 17-1376 (D.D.C. 2019), a previous action arising out of the Khobar Towers bombing, and one (1) immediate family member of an airman who was killed in

1

the Khobar Towers bombing and whose estate and family were plaintiffs in *Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C 2006) and *Rimkus v. Islamic Republic of Iran*, 575 F. Supp. 2d 181 (D.D.C. 2008).

## I.    PROCEDURAL HISTORY

Plaintiffs commenced this action in March 2020. (ECF No. 1). Consistent with 28 U.S.C. § 1608(a)(3), necessary papers were sent via FedEx to defendant on May 14, 2020. (ECF Nos. 9 & 10).  When service under 28 U.S.C. § 1608(a)(3) could not be completed, plaintiffs requested service under 28 U.S.C. § 1608(a)(4). (ECF No. 11).  The necessary papers were then issued via diplomatic channels consistent with 28 U.S.C. § 1608(a)(4) on June 29, 2020.  (ECF No. 12). Subsequently, the defendant was properly served via diplomatic channels by the United States State Department pursuant to 28 U.S.C. §1608(a)(4).  (ECF No. 13).  Defendant failed to respond or file an answer to the complaint filed against them within the 60 days allowed for foreign defendants under 28 U.S.C. §1608(d).

Plaintiffs filed a Motion for Entry of Default against the Defendant on December 29, 2020. (ECF No. 16).  The Court issued an Entry of Default as to Defendant on December 31, 2020. (ECF No. 17).  On August 19, 2021, Plaintiffs filed an amended complaint adding additional plaintiffs to this case. (ECF No. 19).

On December 17, 2021, in anticipation of submitting evidence as to damages in the form of declarations and exhibits, Plaintiffs filed a Motion for Leave to File Evidence Under Seal and to File on the Public Docket a Redacted Version of that Evidence. (ECF No. 23).  On December 20, 2021, the Court granted the Plaintiffs' motion and directed Plaintiffs to file redacted versions of their declarations and exhibits on the public docket. *See* Minute Order of December 20, 2021.

On January 27, 2022, Plaintiffs filed a Motion for Judicial Notice of Prior Related Cases and for Entry of Default Judgment as to Liability. (ECF No. 24).

## II.    DAMAGES

Damages available under the Foreign Sovereign Immunities Act-created cause of action "include economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c). The service members who survived the Khobar Towers bombing can recover damages for their pain and suffering, as well as any other economic losses caused by their injuries; family members can recover solatium for their emotional injury.

"Upon obtaining a default judgment, successful plaintiffs may recover damages by proving 'that the projected consequences are reasonably certain (i.e., more likely than not) to occur, and must prove the amount of damages by a reasonable estimate.'" *Schooley v. Islamic Republic of Iran*, 17-1376, 2019 WL 2717888, at *73 (D.D.C. 2019) (quoting *Fraenkel v. Islamic Republic of Iran l*, 892 F.3d 348 at 353 (quoting *Hill v. Republic of Iraq*, 328 F.3d 680, 684 (D.C. Cir. 2003)).

This Court "may rely on well-established statements of common law, found in state reporters, the Restatement of Torts, and other respected treatises, in determining damages under § 1605A(c)." *Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 353 (D.C. Cir. 2018). The defendant's commission of acts of extrajudicial killing and provision of material support and resources for such killing was reasonably certain to, and indeed intended to, cause injury to plaintiffs. *See Schooley*, 2019 WL 2717888, at * 74 (finding that injuries suffered by victims of terrorism and family members as a result of Iran's material support of the Khobar Towers bombing "were reasonably certain and were actually the intended consequences of the defendants' material support of Saudi Hezbollah").

### A.    Pain and Suffering

"In determining the appropriate compensatory damages for each plaintiff's pain and suffering, this Court is guided not only by prior decisions awarding damages for pain and suffering, but also by those which awarded damages for solatium." *Haim v. Iran*, 425 F.Supp.2d 56, 71 (D.D.C. 2006).

### 1.    Pain and Suffering Amount for Surviving Service Members

Each of the injured surviving servicemen have sought pain and suffering awards associated with their claims for battery. The claimants will be providing uncontroverted evidence of physical and emotional injuries in the form of declarations, medical records, Purple Heart citations, V.A. disability ratings and other supporting personal documents such as news clippings and photographs. In *Schooley v. Islamic Republic of Iran*, this Court adopted the "following rubric" for determining damages awards in FSIA cases:

> those service member plaintiffs rated by the VA up to 30% disabled, whether due to mental or physical injuries, or a combination of both, will receive a baseline award of $5,000,000 each; those plaintiffs rated 40–60% disabled by the VA will receive an upward departure, for a total award of $6,000,000 each; and those service member plaintiffs rated 70–100% disabled by the VA will receive a further upward departure, for a total of $7,000,000 each.[16] The fourteen injured service member plaintiffs who have not been rated as disabled by the VA will be awarded damages based on the severity of their injuries as discernable from their filings

*Schooley*, 2019 WL 2717888, at *75.

Where no VA disability rating is available, but the person suffered "'severe physical injuries, such as compound fractures, serious flesh wounds, and scars from shrapnel, as well as lasting and severe

psychological pain,'" then a baseline award of $5,000,000 is warranted. *Schooley*, 2019 WL 2717888, at *75 (quoting *Khaliq v. Republic of Sudan*, 33 F. Supp. 3d 29 at 33).[1]

## 2. Solatium Amount for Family Members of Surviving and Killed Service Members

In determining the amount of compensatory damages awards to family members of a surviving victim, this District Court has held that these awards are determined by the "nature of the relationship" between the family member and victim, and "the severity of the pain suffered by the family member." *Haim*, 425 F.Supp.2d at 75. Parents of victims typically receive smaller awards than spouses but receive larger awards than siblings. *Id*. Moreover, "families of victims who have died are typically awarded greater damages than families of victims who remain alive." *Heiser* at 59-60.

In *Schooley*, this Court set forth the appropriate levels of compensation for family member solatium claims, largely applying the *Heiser* framework:

> As a baseline, the *Heiser* framework awards "spouses of deceased victims ... approximately $8 million, while parents and children received $5 million and siblings received $2.5 million." *Valencia v. Islamic Republic of Iran,* 774 F. Supp. 2d 1, 15 (D.D.C. 2010). As noted, "families of victims who have died are typically awarded greater damages than families of victims who remain alive." *Heiser I*, 466 F. Supp. 2d at 269 (quoting *Haim*, 425 F. Supp. 2d at 75). Accordingly, "in the context of distress resulting from injury to loved ones—rather than death—courts have applied a framework where 'awards are valued at half of the awards to family members of the deceased,' " i.e., $4,000,000 to spouses of surviving victims, $2,500,000 to parents of surviving victims, *Wultz*, 864 F. Supp. 2d at 39 (internal quotation marks omitted) (citing authorities), and "[c]hildren of a surviving victim receive $1.5 million on average," *Spencer v. Islamic Republic of Iran*, 71 F. Supp. 3d 23, 28 (D.D.C. 2014).

---

[1] The baseline here refers to that amount for substantial injuries set forth in *Valencia v. Islamic Republic of Iran,* 774 F. Supp. 2d 1 (D.D.C. 2010). *Schooley* rejected an across the board application of Valencia in favor looking to available VA ratings because those ratings facilitate "an approach to awarding damages that is generally agnostic to the mental or physical nature of the injury and further provides a relatively objective measure of comparative injuries[.]" *Schooley,* 2019 WL 2717888, at *74.

*Schooley*, 2019 WL 2717888, at * 77.

However, "[t]hese numbers serve only as a baseline from which the Court may deviate to compensate for specific circumstances." *Id*. The Court retains the discretion to "'deviate from the starting points provided by the *Heiser* framework'" based on the facts of each case. *Id*. (quoting *Oveissi*, 879 F. Supp. 2d at 26). In applying this framework, courts must be wary that "[t]hese numbers . . . are not set in stone," *Murphy*, 740 F.Supp.2d at 74, and that deviations may be warranted when, inter alia, "evidence establish[es] an especially close relationship between the plaintiff and decedent, particularly in comparison to the normal interactions to be expected given the familial relationship; medical proof of severe pain, grief or suffering on behalf of the claimant [is presented]; and circumstances surrounding the terrorist attack [rendered] the suffering particularly more acute or agonizing." *Oveissi*, 768 F.Supp.2d at 26-27; see also *Fraenkel*, 892 F.3d at 351 (explaining that *Heiser* "may serve as a useful reference point" but that District Court judges have discretion to adjudicate solatium claims "based on the particular facts of each case").

### B. PUNITIVE DAMAGES

In *Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020), the Supreme Court held that Congress clearly authorized plaintiffs suing under § 1605A(c) to seek punitive damages for pre-2008 conduct. 140 S. Ct. at 1608. As this Court has recognized, "after *Opati*, then, plaintiffs, who are proceeding under § 1605A(c), may seek punitive damages." *Id*. citing (*Ewan v. Islamic Republic of Iran,* No. 17-cv-1628 (JDB), 2020 WL 3081939, at *10 (D.D.C. June 10, 2020)).

Punitive damages are intended to "punish and deter" defendants for their bad acts. *Valore*, 700 F. Supp. 2d at 87. Courts calculate punitive damages by considering "(1) the character of the defendants' act, (2) the nature and extent of harm to the plaintiffs that the defendants caused or

intended to cause, (3) the need for deterrence, and (4) the wealth of the defendants*." Cohen v. Islamic Republic of Iran*, 268 F. Supp. 3d 18, 27 (D.D.C. 2017).

This Court awarded punitive damages in cases brought by victims of the Khobar Towers bombing." *Christie v. Islamic Republic of Iran*, No. 19-1289, 2020 WL 3606273, at * 22 (D.D.C. Jul. 2, 2020) (Howell, J.); *Blank v. Islamic Republic of Iran*, No. 19-3645, 2021 WL 3021450, at * 13 (D.D.C. Jul. 19, 2021) (Howell, J.)  In so holding, the Court nevertheless recognized that the "defendant's conduct was incredibly reprehensible — "the result of intentional malice," not "mere accident"" *Christie*, 2020 WL 3606273, at *28 (internal quotations and citations omitted).  And that, "the Khobar Towers bombing caused the death of nineteen people and physical injuries to hundreds more." *Id*. This Court also recognized that, "physical assault or trauma" is the most serious type of harm that a defendant can do to a plaintiff, and the type of harm most deserving of punitive damages. *Id*. (internal quotation and alteration omitted).

In *Christie* and *Blank*, this Court imposed punitive damages equal to compensatory damages; cases which are based on the same event at issue in the present case.  *Christie*, 2020 WL 3606273, at *22; *Blank,* 2021 WL 3021450, at *13.  The same is warranted here. For these reasons, the Court should impose punitive damages on Iran in an amount equal to compensatory damages.

## III.  POST-JUDGMENT INTEREST

In *Lanny J. Davis & Associates LLC v. Republic of Equatorial Guinea*, 962 F. Supp. 2d 152, 165 (D.D.C. 2013), the court allowed post-judgment interest against a foreign sovereign under the FSIA.  Accordingly, plaintiffs request any applicable post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a).

## CONCLUSION

For the reasons stated herein, plaintiffs respectfully request that this Court grant their motion for final judgment as to damages against defendant Iran and any applicable post-judgment interest.

Dated: March 21, 2022                                                    Respectfully Submitted,

                                                    /s/ Joshua M. Ambush
                                        Joshua M. Ambush (Bar No. MD 27025)
                                        Law Offices of Joshua M. Ambush, LLC
                                            106 Old Court Road, Suite 303
                                                Baltimore, Maryland 21208
                                                    Phone: (410) 484-2070
                                                Facsimile: (410) 484-9330
                                            Email: joshua@ambushlaw.com
                                                    *Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID J. ACKLEY, JR., *et al.*,          *
                                          *
          Plaintiffs,                     *
                                          *
     v.                                   *          Case No.  1:20-cv-621 (BAH)
                                          *
ISLAMIC REPUBLIC                          *
OF IRAN,                                  *
                                          *
          Defendant.                      *
*******************************************************************************

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL JUDGMENT AS TO
DAMAGES**

Upon consideration of Plaintiffs' Motion for Final Judgment as to Damages, the Court

hereby GRANTS such motion.

SO ORDERED on this _____ day of _____, 2022.


_____
The Honorable Beryl A. Howell
Chief Judge